**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Gruender,<br><br>    Plaintiff,<br><br>vs.<br><br>Harald Rosell; The Gardiner Law Firm,<br>P.S., a Washington corporation; and<br>D. Bruce Gardiner,<br><br>    Defendants. | No. CV-09-1347-PHX-DGC<br><br>**ORDER** |

Plaintiff Daniel Gruender commenced this action by filing a complaint against Defendants on June 23, 2009. Plaintiff alleges that Defendants failed to perform obligations under certain promissory notes. The complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and specific performance. Dkt. #1.

Plaintiff has filed a motion for entry of default and default judgment against Defendant Harald Rosell. Dkt. #45. The Court will grant the motion in part and deny it in part.

Plaintiff has presented evidence that it served process on Defendant Rosell on November 19, 2009. *See* Dkt. ##41, 45-1. Rosell has failed to plead or otherwise defend. The Court therefore will direct the Clerk to enter Rosell's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered, the Court has discretion to grant default judgment against Rosell pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff's motion does not address the *Eitel* factors. The Court will therefore deny the request for default judgment without prejudice. Plaintiff shall have until April 2, 2010 to file a new motion fully addressing each *Eitel* factor.

**IT IS ORDERED:**

1. Plaintiff's motion for entry of default and default judgment (Dkt. #45) is **granted in part** and **denied in part**.
2. The Clerk is directed to enter Defendant Harald Rosell's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.
3. Plaintiff shall have until **April 2, 2010** to file a new motion for default judgment.

DATED this 23rd day of March, 2010.

David G. Campbell
United States District Judge