**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Gruender, | No. CV-09-1347-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Harald Rosell; The Gardiner Law Firm, P.S., a Washington corporation; and D. Bruce Gardiner, | |
| Defendants. | |

Daniel Gruender and Harald Rosell entered into an unsecured promissory note on April 7, 2009. Dkt. #1-1. Gruender agreed to loan Rosell $1.35 million, and Rosell agreed to pay Gruender a total of $2 million by May 1, 2009. *Id.* at 2, §§ 1-3. The note provides that the $1.35 million loan was to be disbursed to Rosell's trustee, attorney Bruce Gardiner, and placed in his client trust account. *Id.* § 1. Gruender funded the loan, but Rosell failed to meet the repayment deadline. On May 18, 2009, the promissory note was amended to provide that Rosell would pay Gruender a total of $2.5 million by June 8, 2009. Dkt. #39-1 at 2, §§ 2-3. Rosell has defaulted on the note and has refused Gruender's demand for payment.

Gruender filed suit against Rosell, Bruce Gardiner, and The Gardiner Law Firm on June 23, 2009. Dkt. #1. The complaint asserts three claims: breach of contract, breach of the covenant of good faith and fair dealing, and specific performance. *Id.* ¶¶ 27-48. Gruender seeks damages in the amount of $2.5 million, plus interest and fees. *Id.* at 8-9.

Bruce Gardiner and The Gardiner Law Firm (collectively, "Gardiner") have filed a motion for summary judgment. Dkt. #42. Gruender has filed a cross-motion for summary judgment. Dkt. #46. The motions are fully briefed. Dkt. ##52, 54. No party has requested oral argument. For reasons stated below, the Court will grant summary judgment in favor of Gardiner.

## I. Summary Judgment Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Breach of Contract.

Gruender asserts a breach of contract claim in count one of the complaint. Dkt. #1 ¶¶ 27-33. Gardiner is liable, Gruender alleges, because he has defaulted on his obligations due under the promissory note. Dkt. #1 ¶¶ 31-32. Gardiner argues that he is entitled to summary judgment on count one because he is not a party to the promissory note. The Court agrees.

"For a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship." *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008). It therefore "is axiomatic that non-parties cannot be held liable for breach of contract[.]" *Herbal Care Sys., Inc. v. Plaza*, No. CV-06-2698-PHX-ROS, 2009 WL 692338, at *2 (D. Ariz. Mar. 17, 2009); *see Kelly v. Tillotson-Pearson, Inc.*, 840 F. Supp. 935, 944 (D.R.I. 1994) ("an action for breach of contract will not lie against non-parties to the contract"); *Traffas v. Bridge Capital Investors II*, No. 90-1304

MLB, 1993 WL 339293, at *3 (D. Kan. Aug. 23, 1993) ("a party to a contract cannot sue a person who is not a party to that contract for breach of contract."); *Hotel Aquarius, B.V. v. PRT Corp.*, No. 92 Civ. 4498 (MBM), 1992 WL 391264, at *6 (S.D.N.Y. Dec. 22, 1992) ("if an entity is not a party to a contract, no valid breach of contract claim exists against that entity"); *Santella v. Grishaber*, 672 F. Supp. 321, 328 (N.D. Ill. 1987) ("non-parties are not liable for breach of contract"); *Stratton v. Inspiration Consolidated Copper Co.*, 683 P.2d 327, 330 (Ariz. Ct. App. 1984) (a plaintiff has "no claim for a personal judgment sounding in breach of contract" absent privity of contract between the parties).

The contract being sued upon in this case is a promissory note. Dkt. #1-1. Rosell promised to repay Gruender the principal amount of $1.35 million, plus interest, by a specified "Maturity Date":

> Harald Rosell, an individual, . . . (herein "Borrower"), hereby promises to pay to the order of Daniel F. Gruender, an Arizona individual, . . . or his assigns (herein "Lender"), at such other place as Lender may designate in writing, the principal amount of [$1,350,000.00] in lawful money of the United States together with interest thereon from [April 7, 2009] as hereafter further provided. Principal, interest and other charges owing hereunder shall be payable in one sum at the time hereinafter set forth ("Maturity Date") unless extended in accordance with Section 7 of this Promissory Note, at which time the entire outstanding balance shall be due and payable in full, without further notice or demand.

*Id.* at 2. The promissory note provided for a May 1, 2009 maturity date (*id.* § 2), and set interest at the fixed-amount of $650,000 (*id.* § 3). The amendment to the note (Dkt. #39-1) increased the interest to $1,150,000 and extended the maturity date to June 8, 2009 (*id.* at 2, ¶¶ A-C). Both the original promissory note and the amendment were executed by Rosell, as "Borrower." Dkt. ##1-1 at 3, 39-1 at 3.

Gardiner is not a party to the note between Gruender and Rosell. He did not sign the promissory note or its amendment. Nor did he make any promise to pay Gruender the principal loan amount or interest. Gardiner is identified in the promissory note as "Trustee for Borrower" (*id.* at 2, § 1), but this does not make him a party to the note.

"It would be a novel holding for the [C]ourt to rule that a breach of contract action can be maintained against a person who is not a party to the contract being sued upon." *Traffas*,

1993 WL 339293, at *3; *see Credit Gen. Ins. Co. v. Midwest Indemnity Corp.*, 916 F. Supp. 766, 772 (N.D. Ill. 1996) (finding such a claim to be "ludicrous"). The undisputed fact that Gardiner is not a party to the promissory note between Gruender and Rosell (Dkt. #47 ¶ 1) requires summary judgment in favor of Gardiner on the breach of contract claim. *See Herbal Care*, 2009 WL 692338, at *2-3; *Traffas*, 1993 WL 339293, at *3; *Kelly*, 840 F. Supp. at 944; *Stratton*, 683 P.2d at 329-30.

Gruender makes several arguments in support of his breach of contract claim against Gardiner. None has merit.

Gruender states that "it was agreed that [his] $1.35 million would be transferred to the Gardiner Defendants, who would hold the money in escrow, as trustee[.]" Dkt. #46 at 4. He further states that to ensure timely repayment, he had the following language included in the promissory note: "Borrower hereby instructs Trustee, D. Bruce Gardiner, to make Payment according to terms under this Note[.]" *Id.* at 5; *see* Dkt. #1-1 at 2, § 3. Gruender argues that Gardiner "assumed the escrow agent role for the transaction," and his "fail[ure] to follow the escrow instructions breaches his contract[.]" Dkt. #46 at 11. But the promissory note unambiguously provides that Gardiner served as trustee for Rosell, not Gruender: "This [$1.35 million] principal is to be disbursed by Federal overnight wire transfer to *Trustee for Borrower*, The Gardiner Law Firm, D. Bruce Gardiner[.]" Dkt. #1-1 at 2, § 1 (emphasis added). The fact that Rosell instructed Gardiner – his trustee – to make payment according to the terms of the note (*id.* § 3) does not show that Gardiner contracted with Gruender to serve as escrow agent.

Gruender claims that an escrow agreement can exist in the absence of an express written contract. Dkt. #54 at 3. But the breach of contract claim asserted in the complaint alleges a failure to perform obligations *under the promissory note*. Dkt. #1 ¶¶ 15, 23, 25, 30. Nowhere in the complaint does Gruender allege the existence of an unwritten escrow agreement.

Moreover, Gruender has failed to present evidence sufficient to establish the existence of an escrow agreement between the parties. Gruender states that prior to transferring the

- 4 -

$1.35 million to Gardiner, he had a conversation with Gardiner and Rosell and received an e-mail from Gardiner. Dkt. #47-1 at 5, ¶ 11. Gruender does explain, and it is not otherwise clear to the Court, how this conversation and e-mail are sufficient to create an escrow contract. Gruender himself testified that his entire conversation with Gardiner consisted of Gardiner verifying his contact information and the instructions for funding the loan. Dkt. #43 at 13. They did not discuss terms of the promissory note or what would happen to the money once it was transferred. *Id.* The e-mail, dated April 7, 2009, merely provides Gruender with Gardiner's client trust account information. Dkt. #47-1 at 38.

Gruender further states that "[he] understood the money would only be used for a Trading Platform and would be repaid on or before May 1, 2009" (*id.* at 4, ¶ 13), but presents no evidence that this subjective belief was communicated to Gardiner. Before a binding contract is formed, "the parties must mutually consent to all material terms." *Hill-Shafer P'ship v. Chilson Family Trust*, 799 P.2d 810, 814 (Ariz. 1990). Mutual assent is "ascertained from 'objective evidence, not from hidden intent of the parties.'" *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 132 P.3d 825, 828 (Ariz. 2006) (quoting *Hill-Shafer*, 799 P.2d at 815).

Gruender notes that in an e-mail dated April 4, 2009, Rosell explained *Rosell's* intention to Gardiner as follows:

> Mr. Gruender [to] transfer the sum of US 1,350,000, into your Clients trust account for the benefit of myself subject to, that I can evidence an undertaking from Citibank UK in the amount of US 2,000,000, which [will] have to be returned to Mr. Gruender['s] nominated account on or before May 01, 2009.

Dkt. #47-1 at 27. Gruender states that this is consistent with *Gruender's* understanding that the $1.35 million loan amount "was not at risk and was secure." *Id.* at 7, ¶ 21. While the April 4 e-mail may describe the transaction as intended by Gruender and Rosell, Gruender has presented no evidence that Gardiner consented to an obligation to independently verify that Rosell had received a $2 million undertaking from Citibank. Gardiner never discussed the e-mail with Rosell (Dkt. #53 at 6, ¶ 4), and his understanding was that the Citibank undertaking was a condition to Gruender funding the loan and receipt of the money would

be evidence that the condition had been met (*id.* ¶ 4). Gruender has presented no controverting evidence. *See* Dkt. #55 ¶ 4.

Gruender's own deposition testimony shows a lack of mutual assent to Gardiner serving as escrow agent. Knowing that Gardiner was a lawyer for Rosell, Gruender "felt that gave [Gruender] additional security, because [Gardiner was] not going to let his client just do illegal things or ignore deadlines without . . . trying to ward off the consequences." Dkt. #47-2 at 8. Gruender merely "assumed . . . the funds were going to be escrowed at Gardiner's office" (*id.* at 7) and considered Gardiner to be "sort of like an escrow agent" (*id.* at 4).

Gruender contends that Gardiner ratified the promissory note and thereby became bound by its terms. Dkt. #46 at 13-14. Courts will "infer an intent to ratify if a non-party to the contract voluntarily accepts benefits conferred by the contract." *All-Way Leasing, Inc. v. Kelly*, 895 P.2d 125, 128 (Ariz. Ct. App. 1994). Gruender notes that Gardiner received a $50,000 fee for receiving and distributing the loan proceeds (Dkt. #46 at 14), but that fee is not a benefit conferred by the promissory note. Because Gardiner's acceptance of the fee does not constitute a "manifestation of an intent to be bound" to Gruender under the terms of the promissory note, Gruender's claim of joinder by ratification fails. *All-Way Leasing*, 895 P.2d at 129. The same reasoning applies to Gruender's alternative theory that Gardiner "assumed" liability to repay the amount due under the promissory note. Dkt. #46 at 15 n.5.

Finally, Gruender argues that he is a third-party beneficiary of an agreement between Gardiner and Rosell under which Gardiner was paid a fee for receiving and distributing the loan proceeds. Dkt. #46 at 14-15. But that agreement is not the one allegedly breached by Gardiner in this case. The breach of contract claim asserted in the complaint alleges a failure to perform obligations under the promissory note. Dkt. #1 ¶¶ 15, 23, 25, 30.

Moreover, in order to "recover under the third party beneficiary doctrine, the contract relied upon by the third party must reflect that the parties thereto intended to recognize him as a primary party in interest." *Stratton*, 683 P.2d at 329. "Not only must the benefit be intentional and direct, but the third person must be a real promissee." *Id.* In this case, the

agreement between Gardiner and Rosell consists of an invoice and a directive from Rosell that Gruender pay himself out of funds held in his client trust account. Dkt. #47-1 at 31-32. Gardiner is not the "real promissee" to that agreement. Gruender references terms of the promissory note (Dkt. #46 at 15), but does not explain how he can be a third party beneficiary of his own contract.

**III.    Breach of the Implied Covenant and Specific Performance.**

"While every contract contains implied covenants of good faith and fair dealing, such covenants presume the existence of a valid contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 530, 537 (Ariz. Ct. App. 2001). Similarly, "there must be a contract" before specific performance will be ordered. *The Power P.E.O., Inc. v. Employees Ins. of Wausau*, 38 P.3d 1224, 1228 (Ariz. Ct. App. 2002). Because Gardiner is not a party to the promissory note – the only contract sued upon in this case – summary judgment will be granted in his favor on the claims for breach of the covenant of good faith and fair dealing (count two) and specific performance (count three). *See* Dkt. #1 ¶¶ 34-48.

**IT IS ORDERED:**

1. Defendants The Gardiner Law Firm and D. Bruce Gardiner's motion for summary judgment (Dkt. #42) is **granted**.
2. Plaintiff Daniel Gruender's cross-motion for summary judgment (Dkt. #46) is **denied**.
3. The Clerk is directed to enter judgment accordingly.

DATED this 21st day of May, 2010.

_____
David G. Campbell
United States District Judge