**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Gruender,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Harald Rosell; The Gardiner Law Firm, P.S., a Washington corporation; and D. Bruce Gardiner,<br><br>　　　　Defendants. | No. CV-09-1347-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Daniel Gruender and Harald Rosell entered into an unsecured promissory note on April 7, 2009. Dkt. #1-1. Gruender agreed to loan Rosell $1.35 million, and Rosell agreed to pay Gruender a total of $2 million by May 1, 2009. *Id.* at 2, §§ 1-3. Gruender funded the loan, but Rosell failed to meet the repayment deadline. On May 18, 2009, the promissory note was amended to provide that Rosell would pay Gruender a total of $2.5 million by June 8, 2009. Dkt. #39-1 at 2, §§ 2-3. Rosell has defaulted on the note and has refused Gruender's demand for payment.

Gruender filed suit on June 23, 2009. Dkt. #1. The complaint asserts three claims: breach of contract, breach of the covenant of good faith and fair dealing, and specific performance. *Id.* ¶¶ 27-48. Gruender seeks damages in the principle amount of $2.5 million, plus accrued interest and late fees. He also seeks an award of his reasonable attorneys' fees and costs. *Id.* at 8-9.

Gruender has filed a motion for default judgment against Rosell pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #51; *see* Dkt. #45. No response has been filed. For reasons stated below, the Court will grant the motion and enter default judgment against Rosell in the amount of $3,227,576.13, plus additional late fees and interest.

Because Rosell's default has been entered under Rule 55(a) (Dkt. #49), the Court has discretion to grant default judgment against him pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Gruender, (2) the merits of his claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect on the part of Rosell, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Gruender's motion, which addresses each of the *Eitel* factors (Dkt. #51 at 2-9), and having reviewed the well-pled factual allegations of the complaint and the record as whole, the Court is firmly convinced that the entry of default judgment against Rosell is appropriate.

**IT IS ORDERED:**

1. Plaintiff Daniel Gruender's motion default judgment (Dkt. #51) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Harald Rosell in the amount of **$3,227,576.13** (U.S. Dollars), plus late fees and interest accrued after February 25, 2010 and until judgment is paid in full (*see* Dkt. ##1-1 at 2, § 5; Dkt. #45-1 at 4, ¶ 13).

DATED this 21st day of May, 2010.

_____
David G. Campbell
United States District Judge