**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Gruender,<br><br>    Plaintiff,<br><br>vs.<br><br>Harald Rosell; The Gardiner Law Firm, P.S., a Washington corporation; and D. Bruce Gardiner,<br><br>    Defendants. | No. CV-09-1347-PHX-DGC<br><br>**ORDER** |

Daniel Gruender and Harald Rosell entered into an unsecured promissory note on April 7, 2009. Gruender agreed to loan Rosell $1.35 million, and Rosell agreed, pursuant to an amendment to the note, to pay Gruender a total of $2.5 million by June 8, 2009. The note provides that the $1.35 million loan was to be disbursed to Rosell's trustee, attorney Bruce Gardiner, and placed in his client trust account. Gruender funded the loan, but Rosell failed to meet the repayment deadline.

Gruender filed suit against Rosell, Bruce Gardiner, and The Gardiner Law Firm on June 23, 2009. Doc. 1. The complaint asserts three claims: breach of contract, breach of the covenant of good faith and fair dealing, and specific performance. *Id.* ¶¶ 27-48. Gruender sought damages in the amount of $2.5 million, plus interest and fees. *Id.* at 8-9. A default judgment of more than $3 million has been entered in favor of Gruender and against Rosell. Doc. 58. On May 24, 2010, the Court granted summary judgment in favor of Bruce Gardiner and The Gardiner Law Firm (collectively, "Gardiner"). Doc. 56.

Gardiner has filed a motion for attorneys' fees. Doc. 60. The motion is fully briefed. Docs. 63, 65, 68. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Gardiner attorneys' fees in the amount of $25,293.12.

Because Gardiner is the successful party on the contract claims asserted against him, (*see* Doc. 56), the Court has discretion to award Gardiner reasonable attorneys' fees under A.R.S. § 12-341.01(A). Having reviewed the supporting memorandum, affidavit of counsel, and itemized statement of fees (Doc. 63), and having considered the record as a whole and the relevant fee award factors, *see Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985), the Court finds the requested fee award to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same). The Court, pursuant to A.R.S. § 12-341.01, will grant Gardiner's motion and award him attorneys' fees in the amount of $25,293.12. *See In re Mortgages Ltd.*, No. CV 09-1312-PHX-MHM, 2010 WL 2643540 (D. Ariz. June 29, 2010) (awarding defendants $25,000 and $32,000 as successful parties in contract action).

Gruender makes several arguments in opposition to an award of fees. Doc. 65. None has merit.

Gruender first argues that his claims were not without merit because "the facts support a *prima facie* claim." Doc. 65 at 4, 6-7. As explained more fully in the summary judgment order (Doc. 56), Rosell presented no evidence showing a contractual relationship with Gardiner. The promissory note was not signed by Gardiner, nor did he make any promise to pay Gruender the principal loan amount or interest. Gruender failed to present evidence of an escrow agreement between the parties, and his ratification and third-party beneficiary arguments were unfounded. While perhaps not frivolous, Gruender's contract claims against Gardiner clearly were without merit.

Gruender asserts that Gardiner's attempts at settlement "were illusory and without any form of compromise." Doc. 65 at 4. But Gruender does not dispute that after this suit was filed, counsel for Gardiner promptly advised opposing counsel that Gruender had no contract

claim against Gardiner and requested that the claims be dismissed. *See* Doc. 63 at 3. Gardiner had no obligation to compromise, rather than defend, the claims against him.

Gruender contends that an award of fees will have a detrimental deterrent effect. Doc. 65 at 13. To the contrary, an award of fees to Gardiner will show that "a plaintiff cannot assert meritless contract claims and then expect to be immune from paying opposing counsel's attorneys' fees." *In re Mortgages Ltd.*, 2010 WL 2643540, at *3. An award of fees will not "deter future litigants who were asserting 'tenable' and *bona fide* claims or defenses." *Id.*; *see All-Way Leasing, Inc. v. Kelly*, 895 P.2d 125, 131 (Ariz. Ct. App. 1994) ("[O]ne purpose of section 12-341.01(A) is to encourage litigants in contract actions to consider [the] risks [of paying fees] before filing suit.").

An award of fees would be unjust, Gruender contends, because it would cause him extreme financial hardship. Doc. 65 at 13-16; Doc. 65-3. But Gruender does not provide an itemized list of his assets and liabilities, nor does he explain why he has "significant resources" to enforce the default judgment against Rosell, but not enough to pay Gardiner's attorneys' fees. *See In re Mortgages Ltd.*, 2010 WL 2643540, at *2.

Gruender challenges as unreasonable the 27 hours Mr. Raine spent on Gardiner's motion for summary judgment. Doc. 65 at 16-17. Having considered the legal and factual issues addressed in the summary judgment motion (Doc. 42), and having reviewed the statement of fees (Doc. 63 at 27-28), the Court finds the time spent preparing the motion and the resulting fees charged ($5,500) to be reasonable.

Gruender notes that with respect to certain time entries, Gardiner has not sufficiently identified the person performing the service. Doc. 65 at 17; *see* LRCiv 54.2(e)(1)(D). Gardiner clarifies in his reply brief that the challenged time entries were made by his firm's paralegals, Brenda Maple (initials BM, BML) and Emily Munz (initials EAM). Doc. 68 at 4.

Gruender requests that payment of any fee award be conditioned on his collection in full of the default judgment against Rosell. Doc. 65 at 16. Gruender presents no supporting argument or legal authority. The request will be denied.

Finally, Gruender requests that the Court reverse the Clerk's award of $1,184.54 in

taxable costs (Docs. 66, 67) on the ground that the award is unjust and he cannot pay the award. Doc. 69; *see* Doc. 62. The Court finds the award of taxable costs to be appropriate and reasonable. The request to reverse the award will be denied.

**IT IS ORDERED:**

1. Defendants The Gardiner Law Firm and D. Bruce Gardiner's motion for attorneys' fees (Doc. 60) is **granted**.

2. Pursuant to A.R.S. § 12-341.01, attorneys' fees in the amount of **$25,293.12** are awarded in favor of Defendants The Gardiner Law Firm and D. Bruce Gardiner.

3. The Clerk is directed to enter judgment accordingly.

4. The Clerk is further directed to terminate the memorandum of points and authorities erroneously filed as a motion (Doc. 63).

5. Plaintiff Daniel Gruender's request for reversal of the award of taxable costs (Doc. 69) is **denied**.

DATED this 26th day of July, 2010.

_____
David G. Campbell
United States District Judge